IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAHI AMADI HASANATI, D.O.C. # D15084,**

    **Plaintiff,**

vs.                                   Case No. 4:15cv229-RH/CAS

**ATTORNEY GENERAL OF THE
STATE OF FLORIDA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has submitted a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed in forma pauperis, doc. 2. Considering the amount of liens against Plaintiff's inmate bank account, doc. 2, the Court has reviewed Plaintiff's litigation history. That review reveals that Plaintiff is not permitted to proceed with in forma pauperis status absent allegations he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).[1]

---

[1] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff previously initiated case number 2:12cv58 in the United States District Court, Middle District of Florida on February 2, 2012.  The case was immediately dismissed on February 7, 2012, pursuant to the "three strikes" provision of the Prison Litigation Reform Act.  Doc. 6 of case no. 2:12cv58.  United States District Judge Charlene Edwards Honeywell took judicial notice that Plaintiff[2] had previously filed three cases in the Eastern District of New York that were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted.  The cases listed were:  case no. 1:10cv4908, case no. 1:10cv4909, and case no. 1:10cv4911.[3]  *Id.*  Because of those dismissals, Plaintiff's case in the Middle District was dismissed pursuant to § 1915(g) finding that Plaintiff "qualifie[d] as a three-striker under § 1915(g)."  Doc. 6 at 2 of that case.

Similarly, Plaintiff was denied in forma pauperis status in case number 8:11cv61, which was also filed in the Middle District, because the complaint was frivolous and also failed to state a claim.  Docs. 4 and 5 of that case.  Plaintiff also filed a challenge to the constitutionality of a number of Florida's criminal statutes in the Southern District of Florida.  Case no. 1:13cv21818.  The Court dismissed that case sua sponte finding that

---

[2] The docket for case no. 2:12cv58 lists Plaintiff's inmate number as D15084, confirming it is the same person as is before this Court.  Additionally, for each case noted above, the Court has confirmed that the plaintiff there has the same inmate number as Plaintiff Jahi Amadi Hasanati in this case.

[3] Review of the dockets for those three cases reveal Plaintiff was detained in Miami, Florida.  His inmate number from the Metro West Detention Center was listed as # 100084246 in the New York cases, and Plaintiff also filed cases in the Southern District of Florida using that same inmate number.  *See* case no. 1:10cv24194.  Also, a recent filing in the Middle District of Florida confirms that Plaintiff was sentenced in Miami on May 5, 2011, and was previously convicted in the United States District Court, Eastern District of New York.  Case no. 3:15cv536, doc. 1.

Case No. 4:15cv229-RH/CAS

Plaintiff's complaint was both frivolous and failed to state a claim. Doc. 7 of that case. It is apparent that Plaintiff is not entitled to in forma pauperis status unless his complaint meets the "imminent danger" exception of § 1915(g). It does not.

Plaintiff is currently incarcerated in Raiford, Florida. Doc. 1. The Defendant is the Florida Attorney General who is not physically present with Plaintiff. Moreover, Plaintiff's complaint alleges that several Florida statutes were enacted contrary to the requirements of law. Because Plaintiff's complaint does not bring Plaintiff within the imminent danger exception, his motion seeking leave to proceed in forma pauperis, doc. 2, should be denied and this action dismissed without prejudice. Plaintiff may re-file this action and present these same allegations in a complaint for which he simultaneously pays the full $400.00 filing fee at the time of case initiation. *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g) and Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice. It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 21, 2015.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**